COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Coleman and Willis

HILDA D. PILLOW

v.   Record No. 2901-95-1                    MEMORANDUM OPINION*
                                                  PER CURIAM
SERVICE AMERICA CORPORATION                     MAY 14, 1996
AND
EMPLOYER'S INSURANCE OF WAUSAU

                              FROM THE VIRGINIA WORKERS'
COMPENSATION COMMISSION

          (Hilda D. Pillow, pro se, on brief).

          (J. Brian Jackson; Patricia C. Karppi;
          McGuire, Woods, Battle & Boothe, on brief),
          for appellees.


     Hilda D. Pillow contends that the Workers' Compensation

Commission erred in finding that she failed to prove that her

back symptoms and disability after March 1991 were causally

related to her compensable April 24, 1990 injury by accident.

Upon reviewing the record and the briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Unless we can say as a matter of law that Pillow's evidence

sustained her burden of proving causation, the commission's

---

*Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

findings are binding and conclusive upon us. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

Pillow claimed that she suffered an injury by accident on April 24, 1990, and sought temporary total disability benefits for the period July 9, 1990 through October 1, 1990, and medical benefits. The commission denied Pillow compensation after September 14, 1990 on the ground that she failed to prove that her back symptoms and disability occurring after that date were causally related to her compensable injury by accident. In so ruling, the commission made the following factual findings:

> On April 24, 1990, [Pillow] slipped and fell, injuring her right foot and lower back. She was taken to the emergency room, where she was diagnosed with a lumbar sprain. She came under the care of Dr. Joseph W. May, M.D., who admitted her to the hospital from July 9, 1990 to July 12, 1990. She was discharged with a diagnosis of lumbar strain with sciatica, and excused from work for two more weeks. She was hospitalized again on July 26, 1990, for persistent pain, and treated conservatively with bed rest, heat, traction and medications. On September 14, 1990, Dr. May released [Pillow] to return to work.
>
> [Pillow] was evaluated by Drs. Schildwachter, Punyanitya, Whitehill, and Lee, for continued pain. After tests revealed no neurological or operable deficits, it was recommended that [Pillow] continue physical therapy and medications. On March 20, 1991, Dr. May wrote that he could find "no observable cause" for [Pillow's] pain.
>
> [Pillow] was injured in automobile accidents on July 3, 1991, and March 23, 1992. . . . [N]one of the doctors consulted by [Pillow] after March of 1991, relate[d] [her] back symptoms or disability to her compensable accident.

These factual findings are consistent with the medical records of Drs. May, Moga, Schildwachter, Whitehill, Jane, and Lee and support the commission's decision.  In its role as fact finder, the commission was entitled to give little weight to Dr. Di Benedetto's medical records and opinions.  Dr. Di Benedetto's opinion was based upon an EMG performed on August 21, 1991, following Pillow's July 3, 1991 automobile accident.  An EMG performed in March 1991, prior to the July 3, 1991 automobile accident, was normal.

Based upon this record, we cannot find as a matter of law that Pillow satisfied her burden of proving that her lower back symptoms and disability after September 14, 1990 were causally related to her compensable April 24, 1990 injury by accident. Accordingly, we affirm the commission's denial of compensation benefits after September 14, 1990 and award of medical payments as specified.

Affirmed.

3